United States District Court
Middle District of Florida
Jacksonville Division

**AVERY M. MCKNIGHT,**

    *Plaintiff,*

v.                                                                                       **NO. 3:17-CV-717-J-32PDB**

**ROBERT GIBSON ET AL.,**

    *Defendants.*

---

## HIPAA Qualified Protective Order

Based on the order on the plaintiff's motion to compel, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), and Florida law governing patient privacy and protecting healthcare information, the Court enters this qualified protective order.

1. The term "protected health information" (PHI) has the same meaning in this order as the meaning in HIPAA and HIPAA regulations.

2. All "covered entities" as defined in 45 C.F.R. § 160.103 and physicians, nurses, technicians, health administrators, and any other health care provider who was or is involved with the health care or treatment of Avery McKnight or Paul Secada are authorized to disclose PHI pertaining to Avery McKnight or Paul Secada to any party to this action or the party's attorney (including the agents and employees of the parties and attorneys) without violating HIPAA. This provision does not entitle a party to documents or information to which the party would not otherwise be entitled under the Federal Rules of Civil Procedure.

3. A party must mark any file containing PHI information with the following: "Protected Health Information Subject to HIPAA Qualified Protective Order."

4. All parties and their attorneys (including the agents and employees of the parties and attorneys) are authorized through discovery to receive,

subpoena, and transmit PHI pertaining to Avery McKnight and Paul Secada whose PHI was disclosed pursuant to paragraph two above.

5. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A), the parties must not use or disclose PHI for any purpose other than this litigation.

6. For purposes of this litigation, the parties may disclose PHI to the presiding judge and the judge's support staff, the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, and consultants), the parties' insurers, experts, consultants, court reporters, videographers, and copy services.

7. If a party wishes to file PHI with the Court, the PHI must be filed under seal, following the local rules on sealing.

8. Any party may use documents containing PHI at trial or an evidentiary hearing, including by introducing them into evidence and asking a witness about their contents. If a party moves a document containing PHI into evidence and wants it to be a part of the record, the Court will instruct the clerk on how to handle such documents.

9. Before disclosing PHI to persons involved in this action, the parties and their attorneys must take reasonable steps to ensure that such persons do not use or disclose the PHI for any purpose other than this litigation. This includes informing each such person that the PHI may not be used or disclosed for any purpose other than this litigation.

10. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B), within 60 days from the conclusion of these proceedings, any recipient of PHI under this order must either return the PHI to the covered entity that provided it or destroy the PHI (including all copies made). If destroyed, the recipient must send a declaration to the party producing the PHI that the documents have been destroyed in accordance with this order. "The conclusion of these proceedings" means the point at which this litigation is fully concluded, including by settlement or final order by the trial court ending the case, the conclusion of any appeals and proceedings on remand, the expiration of time for any party to seek further appellate review, or whenever a period of enforcement, determined by a settlement agreement or court order, terminates.

11. The parties and Paul Secada can seek additional protection from the disclosure and use of any documents and information for which they believe this order does not provide adequate protection or with respect

to documents and information which they believe are not subject to disclosure pursuant to applicable law.

12. This order does not control or limit the use of PHI that was received by means other than through this order (for example, through consent of the individual or through a public records request).

13. If a receiving party learns that, by inadvertence or otherwise, it has disclosed PHI to any person or in any circumstance not authorized under this order, the receiving party must, not later than 30 calendar days after learning of the disclosure, (a) notify in writing the disclosing party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the PHI; (c) inform the person to whom unauthorized disclosures were made of all the terms of this order; (d) request the person to—in writing—acknowledge the terms of this order and agree to be bound by its terms.

**Ordered** in Jacksonville, Florida, on December 22, 2020.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

3